UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTOPHER ERRICO, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-10337-NMG |
| DANIEL ROSA, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS.

October 13, 2010

SOROKIN, M.J.

Pending is the Defendants' Motion to Dismiss the Complaint of the Plaintiff, Christopher Errico's (Docket # 15). For the following reasons, I RECOMMEND that the Court ALLOW IN PART and DENY IN PART the Defendants' motion.

I.  PROCEDURAL AND FACTUAL BACKGROUND

Errico was arrested on March 7, 2006, while at the Wyndam Hotel in Billerica, Massachusetts, and charged in the Lowell Division of the Massachusetts District Court with receiving stolen property. Docket # 1 at ¶ 9; Docket #1-3 at 1. The criminal docket's[1] field titled "disposition date and judge" indicates a disposition on January 5, 2007. Docket # 1-3 at 1. The

---

[1] Ordinarily, a court's consideration of documents outside the pleadings converts a Rule 12(b)(6) motion to a motion for summary judgment. See Fed. R. Civ. P. 12(d). This rule is not applicable, however, where (as here) the document has been attached to the Complaint. See Docket # 1-3.

remaining docket entries, however, create ambiguity as to whether January 5, 2007, was the date of entry of the disposition (as opposed to the effective date of disposition). Plainly, Errico's motion to dismiss was heard on January 5, 2007, because the clerk noted that hearing date on the docket twice, first writing "1/5/07, motion 2nd Session, costs TBD." Id. at 3. The docket indicates, however, that the clerk's notations are not listed in chronological order. For example, the filing of the motion to dismiss on December 18, 2006, is noted on the docket after the January 5, 2007 hearing. Id. Similarly, although the disposition date is ostensibly January 5, 2007, there is nevertheless a notation memorializing the filing of Errico's Motion to Suppress on February 26, 2007. Id. This entry occurs prior to the second notation for January 5, 2007 which states that the Motion to Dismiss was heard on January 5, 2007, are recites Judge Packard's ruling allowing the motion. Id. The February 26 docketing of the Motion to Suppress and the notation of the allowance of the Motion to Dismiss appear to be in the same handwriting. Finally, there is also an entry, "5/24/07" stating that the bail money was returned and the legal fees to the court paid.

II.     DISCUSSION

Errico brings seven claims (comprising various federal and state civil rights claims and common-law torts) against the Town of Billerica,[2] several of its police officers, the Wyndam Hotel and a hotel employee. The police officer defendants move to dismiss the Complaint directed against them as untimely.

---

[2] Errico has not named the Town of Billerica as a defendant. Count I, however, is directed against Police Chief Daniel Rosa for acts apparently taken in his official capacity. Docket # 1 at ¶¶ 16 ff. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690, n. 55 (1978)(official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent).

Applicable Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)(quoting Iqbal, 129 S.Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." Id.

The Statute of Limitations Issue

The statute of limitations applicable to both Errico's civil rights claims brought pursuant

42 U.S.C. §1983 and his common law tort claims is three years. <u>Owens v. Okure</u>, 488 U.S. 235 (1989)(statute of limitations applicable to Section 1983 claims is the forum state's personal injury limitations period); <u>See</u> M.G.L. c. 260 §2A.  However, each of his Section 1983 claims does not share the same accrual date.

Section 1983 claims generally accrue "when the plaintiff knows, or has reason to know of the injury on which the action is based." <u>Moran Vega v. Cruz Burgos</u> 537 F.3d 14, 20 (1st Cir.2008).  Each of Errico's claims (other than his claim for malicious prosecution), accrued on March 7, 2006 – that is, the date on which he knew or had reason to know of the tortious or unconstitutional conduct (the search of his property and his subsequent arrest) <u>Id.</u>;  G.L. c. 260, § 2A (for state law torts); M.G.L. 260 § 5B (for state civil rights claims).  Errico filed his lawsuit on February 23, 2010, more than three years after the March 7, 2006 events. Docket # 1.  Thus, all of his claims (other than that for malicious prosecution) are untimely because the statute of limitations expired on March 7, 2009, well before Errico filed suit.

The First Circuit cautions that the district court should not dismiss a claim for statute of limitations reasons at the motion to dismiss stage unless there is "no doubt that an asserted claim is time-barred," <u>LaChapelle v. Berkshire Life Ins. Co.</u>, 142 F.3d 507, 509 (1st Cir.1998).  In this case, there is no doubt as to Counts I-V and VII and accordingly, I RECOMMEND that the Court ALLOW the motion to dismiss those counts.

Errico's malicious prosecution claim stands on somewhat different footing. While a three-year statute applies, the claim accrued, not when the events of March 7, 2006, but only when the criminal prosecution terminated in his favor. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994).  Plainly, the criminal case was terminated <u>effective</u> January 5, 2007.  Docket # 1-3 (stating motion to dismiss allowed on that date and separately stating case disposed of on that

date).  In his sur-reply Errico says that as of February 26, 2007, no decision had been received on the pending motion to dismiss and that accordingly, his lawyer filed a Motion to Suppress on that date, in response to which the state court allowed the motion to dismiss.  Docket # 22 at 2. Drawing all reasonable inferences in Errico's favor as required in consideration of this Rule 12 motion, Errico's account is arguably supported by the present record.  The record demonstrates that there was a hearing on the January 5, 2007, and that Errico's criminal attorney filed a motion to suppress on February 26, 2007.  In a one-charge prosecution such as the one faced by Errico, these facts support a reasonable inference that the criminal attorney filed the motion to suppress on February 26, 2007, because, as of that date, the Court had not yet issued a ruling on the dismissal request.  This is not the only possible inference, but it is a reasonable inference on the record especially given the similarity of the writing between the second January 5th docket entry and the February 26th docket entry.  Because the state court may not have <u>entered</u> a dismissal of Errico's case until at least February 26, 2007, his malicious prosecution claim plausibly did not accrue until that date, in which case his malicious prosecution claim filed on February 23, 2010, may be timely.[3]  In these circumstances, and in light of the First Circuit's admonition in <u>LaChapelle</u>, I RECOMMEND that the Court DENY the motion to dismiss Count VI to the extent directed against Defendants Ross and Connors only.

<u>Other</u>

Neither the Wyndam Hotel nor its employee Defendant Peterson have filed a response to the complaint.  The docket contains no evidence of service and more than 227 days have elapsed

---

[3] There is no merit to Errico's contention that the criminal case terminated on May 24, 2007.  Once the state court dismissed the only pending charge, Errico had secured a favorable determination.  That the Court continued to resolve collateral matters such as the return of bail or the payment of state mandated fees is irrelevant to the statute of limitations analysis.

since the filing of the complaint. Accordingly, I further recommend that the Court dismiss Counts V-VII to the extent directed against the Wyndam Hotel and/or Defendant Peterson. The docket reflects no return of service for either the hotel or Peterson, and more than two hundred and twenty days have elapsed since filing of the Complaint. Fed. R. Civ. P. 4(m).

## CONCLUSION

For the foregoing reasons, I recommend that the Court ALLOW the Defendants' Motion to Dismiss Counts I through V, and DENY the Motion to dismiss Count VI to the extent directed against Defendants Ross and Connors only. I further recommend that Count VII be DISMISSED in its entirety and that Count VI be DISMISSED with respect to Defendants Peterson and Wyndham Hotel only, each for failure to perfect service.[4]

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

---

[4] The Parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).