United States District Court
District of Massachusetts

```
_____
                              )
CHRISTOPHER ERRICO,           )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No.
                              )   10-10337-NMG
DANIEL ROSA, ET AL.,          )
        Defendants.           )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Pro se plaintiff Christopher Errico ("Errico") brings suit against five police officers of the Billerica, Massachusetts Police Department (Chief of Police Daniel Rosa and Patrolmen William Conners, Joseph Smith, Daniel O'Leary and Parker), "Wyndham Hotel", Wyndham Hotel employee Brandon Peterson and certain unknown defendants. Plaintiff claims violations of his Fourth Amendment right to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983, negligent supervision, intentional infliction of emotional distress, malicious prosecution and negligence.

## I. Factual Background

This case arises out Errico's arrest on March 7, 2006 at the Wyndham Hotel in Billerica, Massachusetts, where he was staying ("the Billerica Wyndham"). Errico claims that certain Billerica police officers unlawfully entered and searched his hotel room

-1-

and that the Wyndham Hotel and its employee, Brandon Peterson, contributed to that violation of his civil rights by allowing the police to enter his room.

## II. Procedural History

Errico filed his complaint in federal court on February 23, 2010. On June 4, 2010, the police officer defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. On October 13, 2010, Magistrate Judge Leo Sorokin issued a Report and Recommendation ("the R&R") on the motion to dismiss and further recommended that the claims against two of the defendants who did not move to dismiss, i.e. the Wyndham Hotel and Peterson, be dismissed because of plaintiff's failure to perfect service.

On December 3, 2010, the Court issued an Order accepting and adopting the R&R except with respect to defendant Wyndham Hotel. Accordingly, 1) Counts I-V and VII were dismissed with respect to the moving defendants, 2) Count VI was dismissed with respect to Officers O'Leary, Parker and Smith only and 3) all claims against defendant Peterson were dismissed for failure to perfect service. Because the Court found that Wyndham Hotel had been properly served with process, the Court declined to dismiss all claims against it as recommended in the R&R. Those claims, i.e. Counts VI for malicious prosecution and VII for negligence, and claims against Chief Rosa and Patrolman Connors for malicious

prosecution remain viable.

The following motions have been filed, are opposed and remain pending:

1) Plaintiff's amended motion for default judgment as to Wyndham Worldwide Corp ("WWC") (Docket No. 33);

2) WWC's motion to strike plaintiff's motion for default (Docket No. 37);

3) plaintiff's motion to strike WHM LLC's answer and application for an order of contempt (Docket No. 46); and

4) motions of WWC, WHM LLC and WYN Orlando Lessee LLC to dismiss the complaint (Docket Nos. 56 & 57).

Thereafter, plaintiff moved to strike answers to the complaint by Peterson and WWC (Docket Nos, 60 & 63). Those motions are unopposed.

### III. **Motion for Default Judgment and Motions to Dismiss**

**A.    Background**

Errico moved for a default judgment against WWC on the grounds that WWC was served at its headquarters in Dallas, Texas on June 28, 2010 and never responded. Four separate entities affiliated in some way with the Wyndham Hotel chain did respond:

1) Wyndham Hotels and Resorts, LLC ("WHR") is a franchisor of certain Wyndham hotels. Counsel for WHR submitted a letter to the Court stating that it was not the owner or operator of the Billerica Wyndham, is not aware of or affiliated with an entity called Wyndham Hotel or Wyndham Hotel Corp. and was never served with process at its headquarters in Delaware or its principal

place of business in New Jersey.

    2) WYN Orlando Lessee LLC ("WYN Orlando") previously operated the Billerica Wyndham. WYN Orlando opposes the motion on the grounds that it is not affiliated with the entity "Wyndham Hotel", is not named in this action and was never served. WYN Orlando states that it first learned of the lawsuit on January 20, 2011.

    3) WHM LLC ("WHM") previously conducted daily operations at the Billerica Wyndham and employed its staff. WHM opposes the motion on the same grounds as WYN Orlando and states that it first learned of the lawsuit on January 20, 2011.

    4) Wyndham Worldwide Corporation ("WWC") is the parent company of WHR and opposes the motion on the same grounds as WYN Orlando and WHM.

The four Wyndham entities have also filed motions to dismiss the complaint. WWC and WHR move to dismiss on the grounds that Errico failed to serve the proper party. WYN Orlando and WHM move to dismiss because they were not named in the complaint nor served with process.

**B. Analysis**

With respect to WWC, a returned summons (Docket No. 31) demonstrates that process was properly served on its corporate headquarters in Dallas, Texas on June 28, 2010.

With respect to WYN Orlando and WHM, it appears that a summons sent to the Billerica Wyndham was returned unexecuted on May 26, 2010. It is an understandable error by a pro se plaintiff to name "Wyndham Hotel" in the complaint instead of the correct corporate entity or entities which operate and manage the Billerica Wyndham. In fact, the hotel's corporate structure is so complicated and convoluted that it seems designed to obfuscate responsibility and even trained attorneys would have had a hard time ascertaining the appropriate party upon which to serve process.

Given that 1) Errico tried to serve WYN Orlando and WHM at the Billerica Wyndham's address and 2) the only other available address listed for the public was WWC's headquarters in Dallas, Texas, the Court finds that Errico has effectively served WYN Orlando and WHM through WWC. Therefore, the Court will deny the motions to dismiss with respect to those parties. Because WWC, WYN Orlando and WHM were not named in the complaint, however, and because they have all appeared and answered since being notified of this lawsuit, Errico's motion for a default judgment will be denied.

With respect to WHR there is no evidence that it was served with process or is affiliated with the Billerica Wyndham in any way. Moreover, it was not named in the complaint. Thus, the Court will allow the motion to dismiss that entity.

**IV. <u>Motions to Strike Answers</u>**

Errico moves for an order imposing sanctions against WWC, WHR and "WWH LLC" (presumably, Errico intends to refer to WHM LLC) for obstructing his access to Brandon Peterson and his attempts to serve the summons and complaint.  Errico also notes that, on February 10, 2011, he sent defense counsel for the various Wyndham entities an offer of settlement which was rejected.  Because 1) it is unclear whether the various Wyndham entities intentionally confounded the service of process and 2) they ultimately responded to Errico's complaint after being notified of the motion to default, Errico's motion for sanctions will be denied.  The corporate defendants are forewarned, however, that any further obfuscation as to what entity (or entities) are responsible for the operation of the subject hotel will result in the imposition of substantial sanctions.

Errico's motion to strike Brandon Peterson's answer will be denied as moot because all claims against Peterson were dismissed in December, 2010.  The remaining motions to strike will be denied because they are rendered moot by the Court's findings with respect to the motion for default judgment and the motions to dismiss.

**ORDER**

In accordance with the foregoing,

1) plaintiff's motion for default judgment and amended motion for default judgment (Docket Nos. 29 and 33) are **DENIED** but Wyndham Worldwide Corporation, WYN Orlando Lessee LLC and WHM LLC are deemed properly served and will, if they have not already done so, file responsive pleadings on or before May 31, 2011;

2) the defendants' motions to dismiss (Docket Nos. 56 and 57) are, with respect to WHR, **ALLOWED**, and, with respect to Wyndham Worldwide Corporation, WHM LLC and WYN Orlando Lessee LLC, **DENIED**;

3) plaintiff's motions to strike (Docket Nos. 37, 46, 60, 63) are **DENIED**.

To clarify this Court's Order of December 3, 2010, the Court confirms that Counts VI and VII remain pending against Wyndham Worldwide Corporation, WYN Orlando Lessee LLC and WHM LLC (named in complaint as "Wyndham Hotel") and Count VI remains pending against the individual defendants Rosa and Connors.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 17, 2011